IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Christine Powell, et al.**, on behalf of themselves and all others similarly situated, | CIVIL ACTION NO. 1:19-CV-19114-MJS |
| Plaintiffs, | |
| v. | |
| **Subaru of America, Inc.** and **Subaru Corporation,** | |
| Defendants. | |

## SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release (the "**Settlement Agreement**" or "**Agreement**") is entered into between Plaintiffs Jeffrey Barr, Arnold Milstein, Allan Zaback, and Brittany Funk (collectively, "**Plaintiffs**" or "**Representative Plaintiffs**"), individually and as representatives of the Class (as defined below), and Subaru of America, Inc. ("**SOA**") and Subaru Corporation ("**SBR**") (collectively "**Defendants**" or "**Subaru**"). Collectively, these Plaintiffs and the Defendants are referred to as the "**Parties**." The Agreement is intended to fully, finally, and forever resolve, discharge, and settle the lawsuit captioned *Powell, et al. v. Subaru of America, Inc., et al.*, No. 1:19-CV-19114-MJS, pending in the United States District Court for the District of New Jersey (the "**Action**"), and all matters raised or that could have been raised by these Plaintiffs in the Action, subject to the terms and conditions hereof and approval by the Court (the "Settlement").

## A.    RECITALS

1.      WHEREAS, Plaintiffs have filed the Action as a putative class action against Defendants, claiming that the Settlement Class Vehicles are equipped with front windshields with a defect causing them to crack more frequently, or more easily, than they otherwise would in the absence of the alleged defect;

2.      WHEREAS, Plaintiffs seek damages and injunctive relief, and assert that the litigation should proceed as a class action;

3.      WHEREAS, Defendants deny Plaintiffs' allegations and claims and maintain that the Settlement Class Vehicles are not defective; that no applicable warranties were breached nor applicable statutes violated; that the Settlement Class Vehicles and their components were properly designed, manufactured, distributed, marketed, advertised, warranted, and sold; and that Defendants have not engaged in any wrongdoing;

4.    WHEREAS, the Parties have conducted, and continue to conduct, extensive discovery, including:

(a)    Document production and review, including over 16,000 documents produced to date, regarding:

(i)    All available warranty data and customer service records for each of the Representative Plaintiffs;

(ii)    Settlement Class Vehicle Owner's Manuals;

(iii)    Settlement Class Vehicle Warranty and Maintenance Booklets;

(iv)    Documents relating to countermeasures implemented in the field;

(v)    Communications among Defendants and with dealerships and vehicle owners;

(vi)    Third-party service records for Settlement Class Vehicles;

(vii)    Plaintiffs' vehicles' ownership and service history.

(b)    Independent investigations and analyses by Plaintiffs and Defendants, including consultation with class members, and consultation and research by consultants retained for the purpose of the Litigation;

(c)    Interrogatory responses by all Parties;

(d)    The depositions of 11 plaintiffs;

(e)    The deposition of Defendant SOA's Parts Collection Center Manager;

(f)    The deposition of the former president of Subaru's National Retailer Advisory Board.

5.    WHEREAS, the Parties, following discovery, investigation, and careful analysis of their respective claims and defenses, and with full understanding of the risks, expense, and uncertainty of continued litigation, desire to compromise and settle all issues and claims that were, or could have been, brought in the Action by, or on behalf of, Plaintiffs and Settlement Class Members with respect to any allegation of defective front windshields in the Settlement Class Vehicles;

6.    WHEREAS, the Parties agree that neither this Settlement Agreement nor the underlying settlement shall constitute or be construed as any admission of liability or wrongdoing on the part of Defendants, which is expressly denied, or that the Plaintiffs' claims or similar claims are, or would be, suitable for class treatment if the Action proceeded through litigation and trial;

7.    WHEREAS, this Settlement Agreement is the result of arm's-length negotiations between the Parties following multiple mediation sessions with mediator Rodney Max, J.D.,

principal of the Upchurch Watson White & Max Mediation Group, and, in the view of counsel for the Parties, based upon the information exchanged to date, and consultation with experts, is fair, adequate, and reasonable;

8.     NOW, THEREFORE, in consideration of the mutual promises and agreements set forth below, the Parties hereby agree as follows:

## B.     DEFINITIONS

Whenever the following capitalized terms are used in this Agreement and in the attached Exhibits (in addition to any definitions provided elsewhere in this Agreement), they shall have the following meanings:

1.     **"Action"** means the lawsuit captioned *Powell, et al. v. Subaru of America, Inc., et al.*, No. 1:19-cv-19114-MJS, pending in the United States District Court for the District of New Jersey.

2.     **"Attorneys' Fees and Expenses"** means the amount awarded by the Court to Class Counsel to compensate them, and any other attorneys for Plaintiffs or the Settlement Class, and is inclusive of all attorneys' fees, costs, and expenses of any kind incurred in connection with the Action.

3.     **"Authorized Subaru Dealer"** means any current or future authorized Subaru retailer in the continental United States, Hawaii or Alaska.

4.     **"Claim"** or **"Claim for Reimbursement"** shall mean the timely submission of the required Online Claim on the Settlement Website including proof by which a Settlement Class Member seeks to claim the reimbursement or compensation available under this Settlement Agreement.

5.     **"Online Claim"** means the Claim that Settlement Class Members will complete on the Settlement Website, the directions for which are provided in the Class Notice.

6.     **"Class Counsel"** shall mean:

> (a)     Peter A. Muhic of Muhic Law LLC, 923 Haddonfield Rd., Suite 300, Cherry Hill, NJ 08002;

> (b)     Russell Paul of Berger Montague PC, 1818 Market Street, Suite 3600, Suite, PA 19103;

> (c)     Edwin J. Kilpela, Jr. of Wade Kilpela Slade LLP, 1133 Penn Ave., Pittsburgh, PA 15222;

7.     **"Class Notice"** means the notice, substantially in the form attached hereto as **Exhibit A and B**, to be provided to Settlement Class Members in accordance with the Preliminary Approval Order issued by the Court.

8.    **"Court"** refers to the United States District Court for the District of New Jersey.

9.    **"Defendants' Counsel"** means Ballard Spahr LLP, 700 East Gate Drive, Mt. Laurel, NJ 08054, who are the attorneys of record representing Subaru of America, Inc. and Subaru Corporation.

10.    **"Discernable Impact Point"** within the context of this Settlement Agreement refers to the specific location on the windshield where an external force has initiated the formation of a crack. For a crack to be considered under the terms of this Agreement, the following criteria apply to the Discernable Impact Point:



11.    **"Effective Date"** means the date upon which the time for seeking appellate review of the Judgment (by appeal or otherwise) shall have expired; or (b) the date upon which the time for seeking appellate review of any appellate decision affirming the Judgment (by appeal or otherwise) shall have expired and all appellate challenges to the Judgment shall have been dismissed with prejudice without any person having further right to seek appellate review thereof (by appeal or otherwise).

12.    **"Fairness Hearing"** means the hearing at which the Court will consider and finally approve the Agreement as fair, reasonable, and adequate, certify the Class for settlement

purposes, award Attorneys' Fees and Expenses, including settlement class representative Service Awards, enter the Final Judgment and Order, and make such other final rulings as are contemplated by this Settlement Agreement.

13.     **"In-Service Date"** shall mean the date on which a Settlement Class Vehicle was delivered to the first retail purchaser or lessee; or, if the vehicle was first placed in service as a "demonstrator" or "company" car, then the date on which the vehicle was placed in such service.

14.     **"Judgment"** or "**Final Judgment and Order**" means the judgment, substantially in the form attached hereto as **Exhibit C**, to be entered by the Court in the Action finally approving this Settlement Agreement and dismissing the Action with prejudice.

15.     **"Lemon Law Action"** means any action asserting claims under any federal or state statute defining and allowing suit for defective automobiles, and/or an individual action for the enforcement of express or implied warranties for the fitness of an automobile concerning a Settlement Class Vehicle as defined in this Agreement. This includes any action brought under state lemon laws or similar consumer protection statutes that provide remedies for purchasers and lessees of defective vehicles, specifically targeting issues relating to the Qualifying Cracks in the windshields of the model years 2019 through 2022 Ascent; 2019 through 2022 Forester; 2020 through 2022 Legacy; and 2020 through 2022 Outback vehicles included in the Settlement Class.

16.     **"Notice Date"** means the date the Settlement Administrator first initiates the mailing of the Class Notice to the Settlement Class. Subject to the Court's approval, the Notice Date shall be within seventy-five (75) days after the Court enters a Preliminary Approval Order.

17.     **"Notice Completion Date"** means the date on which the Settlement Administrator completes the original mailing of the Class Notice to Settlement Class Members.

18.     **"Preliminary Approval Order"** means the Court's order preliminarily approving the terms of the Agreement as fair, adequate, and reasonable, including the Court's approval of the form and manner of giving notice to Settlement Class Members, substantially in the form attached hereto as **Exhibit D**.

19.     **"Proof of Repair Expense"** shall take the form of an original, legible copy, or a digital record, such as an electronic receipt or invoice, of a repair order or similar document that identifies the following: (i) the date of a Qualifying Repair; (ii) the make and model of the vehicle; (iii) the vehicle identification number; (iv) the mileage of the vehicle at the time of Qualifying Repair; (v) the facility that performed the Qualifying Repair; (vi) a description of the work performed, including a breakdown of parts and labor costs (if not apparent from the document itself); and (vii) proof of the sum of money paid by (or on behalf of) the Settlement Class Member, for a Qualifying Repair for which reimbursement is available under the terms of this Settlement Agreement. Documentation of all seven categories of information so as to qualify as Proof of Repair Expense may require the submission of multiple documents (e.g., a repair invoice and a credit card receipt showing payment.)

20.     A **"Qualifying Crack,"** within the framework of this Settlement, ▮▮▮▮▮▮

Not all windshield cracks meet this criterion.

21.    **"Qualifying Repair"** in the context of this settlement, refers to the specific action taken to address a Qualifying Crack. Such a repair or replacement must have been focused solely on resolving a Qualifying Crack. A Qualifying Repair encompasses the necessary steps to either repair or replace the windshield that has sustained such specific damage and includes calibration of the Subaru EyeSight® driver assist system in connection with the repair or replacement of a windshield.

22.    **"Released Claims"** or **"Settled Claims"** means any and all claims, causes of action, demands, debts, suits, liabilities, obligations, damages, actions, rights of action, remedies of any kind, and/or causes of action of every nature and description, whether known or unknown, asserted or unasserted, foreseen or unforeseen, regardless of any legal theory, existing now or arising in the future concerning alleged defects in the windshields of the Settlement Class Vehicles. This comprehensive release includes all claims asserted, or which could have been asserted, by Plaintiffs and all Settlement Class Members, as well as their insurers or other entities that may have a subrogation interest, related to a Qualifying Crack in Settlement Class Vehicles. It covers all damages which could have been alleged in the Action, including but not limited to claims for reimbursement for expenses on parts or related labor, diminution in value of the vehicle, and any subrogation claims that insurers or similar entities might bring on behalf of the Settlement Class Members. These claims may have arisen or could arise in connection with the Action related to a Qualifying Crack.

This release applies to claims arising under any statute, including state lemon laws, rules, regulations, common law, or equity, and encompasses all claims under any federal, state, local, or other statute, law, rule, and/or regulation. It includes claims relating to violations of consumer protection, consumer fraud, unfair business practices, or deceptive trade practices laws, and any legal or equitable theories, including tort, contract, products liability, negligence, fraud, misrepresentation, concealment, restitution, quasi-contract, unjust enrichment, express warranty, and implied warranty.

Furthermore, this release extends to compensatory damages, economic losses or damages, exemplary damages, punitive damages, statutory damages, restitution, recovery of attorneys' fees, litigation costs, or any other legal or equitable relief. It also includes any related claims or counterclaims that Defendants may have against Plaintiffs, the Settlement Class, Plaintiffs' counsel, or any insurers or entities with subrogation claims.

This release expressly exempts claims for death, personal injuries, and property damage (other than damage to the Settlement Class Vehicle). It does not construe a waiver, release, and/or compromise of any automobile Lemon Law Action filed, served, and pending as of the Notice Completion Date pertaining to front windshields as alleged in the Action. Settlement Class Members, including those whose claims may be subject to subrogation, expressly waive the provisions of Section 1542 of the California Civil Code, which states that a general release

does not extend to claims unknown to the creditor at the time of executing the release, which if known must have materially affected the settlement with the debtor.

23.     **"Released Parties"** shall mean Subaru of America, Inc., Subaru Corporation, Subaru USA Holdings Inc., Subaru Tecnica International, Inc., North American Subaru, Inc., Subaru Research & Development, Inc., Subaru of Indiana Automotive, Inc., all designers, manufacturers, assemblers, distributors, importers, marketers, advertisers, testers, inspectors, sellers, suppliers, component suppliers, lessors, warrantors, dealers, retailers, repairers, and servicers of Settlement Class Vehicles and each of their component parts and systems, all dealers, lessors, and retailers of Settlement Class Vehicles, and all of the aforementioned persons' or entities' past and present directors, officers, shareholders, principals, partners, employees, agents, servants, members, assigns, representatives, attorneys, insurers, trustees, vendors, contractors, heirs, executors, administrators, successor companies, parent companies, subsidiary companies, affiliated companies, divisions, trustees, vendors and representatives.

24.     **"Service Awards"** means the $5,000 that Defendants have agreed to pay to Plaintiffs Barr, Funk, Milstein, and Zaback, who have served as putative Representative Plaintiffs in the Action, upon finalization of the Agreement and approval by the Court.

25.     **"Settlement Administrator"** means JND Legal Administration, 1100 2nd Avenue, Suite 300, Seattle, WA.

26.     "**Settlement Class**" means the stipulated certified class as described in Section C.1 below.

27.     **"Settlement Class Vehicle"** and **"Vehicles"** means model year 2019 through 2022 Subaru Ascent vehicles, model year 2019 through 2022 Subaru Forester vehicles, model year 2020 through 2022 Subaru Legacy vehicles, and model year 2020 through 2022 Subaru Outback vehicles.

28.     **"Settlement Class Member"** means a person who is the current or former owner or lessee of a Settlement Class Vehicle, who does not validly and timely opt out of the Settlement Class pursuant to the procedure set forth in the Court's Preliminary Approval Order.

29.     **"Settlement Extended Warranty"** means the terms of extended warranty coverage as described in Section G.1 below.

30.     **"Technical Service Bulletin"** or "**TSB**" means the document(s) issued by Subaru, which provide Authorized Subaru Retailers with the recommended diagnostic and repair procedures for Settlement Class Vehicles. Any future issued or revised TSB shall not diminish the relief provided to Class Members under the Settlement.

31.     **"Unknown Claims"** means any Released Claim that any Plaintiff or Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release provided for herein, including without limitation those that, if known to him, her or it, might have affected his, her or its settlement and release pursuant to the terms of this Agreement, or might have affected his, her or its decision not to object to the settlement terms memorialized herein. As more fully discussed in Section F below, Settlement Class Members expressly waive

all rights to pursue Unknown Claims and rights conferred upon them by the provisions of Section 1542 of the California Civil Code or any other law that arise from the same facts as were alleged in the Action and that were or could have been raised in the Action related to a Qualifying Crack. As outlined above, and in furtherance of the same, the definitions of "Released Claims" and "Unknown Claims" shall both expressly exempt claims for death, personal injuries and property damage (other than damage to the Settlement Class Vehicle) that were not asserted in the Action.

## C.    ESTABLISHMENT OF A SETTLEMENT CLASS

1.    The Parties stipulate to certification, for settlement purposes only, of a "**Settlement Class**" defined as follows:

> All natural persons who are residents of the continental United States, Alaska, or Hawaii, currently or previously owning or leasing a Settlement Class Vehicle originally purchased or leased in the continental United States, Alaska, or Hawaii. Excluded from the Settlement Class are (a) all Judges who presided over the Action and their spouses; (b) all current employees, officers, directors of Defendants and their immediate family members; (c) any affiliate, parent, or subsidiary of Defendants and any entity in which Defendants have a controlling interest; (d) used car dealers; (e) anyone who purchased a Settlement Class Vehicle solely for resale; (f) anyone who purchased a Settlement Class Vehicle with a salvaged title and/or any insurance company that acquired a Settlement Class Vehicle as a result of a total loss; (g) issuers of extended vehicle warranties and service contracts; (h) any Settlement Class Member who, prior to the date of the Settlement Agreement, settled with and released Defendants or any Released Parties from any Released Claims; (i) any Settlement Class Member filing a timely and proper Request for Exclusion from the Settlement Class.

2.    Solely for the purposes of implementing this Settlement Agreement and effectuating the Settlement, Defendants stipulate to the Court entering an order preliminarily certifying the Settlement Class, appointing named Representative Plaintiffs as representatives of the Settlement Class, and appointing Class Counsel to serve as counsel for the Settlement Class.

3.    Solely for the purposes of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate to propose that JND Legal Administration will be appointed as the Settlement Administrator, subject to the approval of the Court. Defendants will pay all costs of notice of the settlement and settlement administration.

4.    Solely for the purposes of implementing this Settlement Agreement and effectuating the Settlement, Subaru stipulates that Representative Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

**D.    NO ADMISSION OF LIABILITY**

1.      The Parties acknowledge that the Settlement Consideration described in Section GG below represents a compromise and final settlement of disputed claims. Neither the fact of, nor any provision contained in this Agreement, nor any action taken hereunder, shall constitute or be construed as an admission of the validity of any claim or any fact alleged in the Action or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Defendants and the Released Parties, or any admissions by Defendants and the Released Parties of any claim or allegation made in any action or proceeding against them. The Parties understand and agree that neither this Agreement nor the negotiations that preceded it shall be offered or be admissible in evidence against Defendants, the Released Parties, the Plaintiffs, Plaintiffs' counsel, or the Settlement Class Members, or cited or referred to in the Action or any action or proceeding, except in an action or proceeding brought to enforce the terms of the Agreement or to raise the release provisions of the Agreement as a defense.

**E.    TEMPORARY SEALING OF CERTAIN PORTIONS OF THIS AGREEMENT AND EXHIBITS**

1.      The Parties acknowledge and agree that the integrity of certain aspects of the claims process in this Action are susceptible to potential abuse or fraudulent claims. Accordingly, the Parties agree to file a redacted version of this Agreement and the Exhibits thereto along with Plaintiffs' Motion for Preliminary Approval. Additionally, the Parties agree that portions of Plaintiffs' Preliminary Approval Motion may be redacted as necessary. The redactions will be mutually agreed upon by the Parties in advance of the filing.

2.      An unredacted version of this Agreement and the Exhibits thereto, as well as Plaintiffs' Preliminary Approval Motion, will be filed under seal contemporaneously with redacted version of Plaintiffs' Motion for Preliminary Approval. The Parties will coordinate to file the appropriate joint submission pursuant to Local Civil Rule 5.3.

3.      To ensure that all potential Settlement Class Members have an opportunity to review the unredacted version of this Agreement and the Exhibits thereto before the deadline to seek exclusion from this Settlement, the unredacted version of Plaintiffs' Motion for Preliminary Approval, this Agreement, and the Exhibits thereto will be filed on the public docket three business days following the deadline for submitting Claims. Any Settlement Class Member who submits a Claim prior to the unredacted version of this Agreement being filed on the public docket may thereafter submit a Request for Exclusion prior to the deadline for such submissions, and such Request for Exclusion will take priority.

4.      The Settlement Administrator will also post the unredacted version of this Agreement and the Exhibits thereto on the Settlement Website three business days following the deadline for submitting Claims.

**F.    RELEASE AND WAIVER**

1.      The Parties agree to the following release and waiver (**"Release"**), which shall, except as noted in Section F.3 below, take effect upon the Effective Date.

2.      In consideration for the Settlement, all parties, including Defendants, Representative Plaintiffs, Plaintiffs, and each Settlement Class Member, on behalf of themselves and any other legal or natural persons who may claim by, through or under them, agree to fully, finally and forever release, relinquish, acquit, discharge, and hold harmless the Released Parties from any and all Released Claims.

3.      Representative Plaintiffs, Plaintiffs, and Settlement Class Members who have not validly and timely excluded themselves from this Settlement may not initiate any action, including any Lemon Law Action, against the Released Parties concerning alleged defects in the windshields of the Settlement Class Vehicles beginning two (2) days after the Notice Date, to the extent that the action relates in any way to a Qualifying Crack.

4.      Notwithstanding the foregoing, Representative Plaintiffs, Plaintiffs, and Class Members are not releasing claims for personal injury, wrongful death, or actual physical property damage other than that to the windshield, alleged to be caused by a Qualifying Crack.

5.      The Final Judgment and Order will reflect those above terms (Section F.1–4).

6.      Defendants, Representative Plaintiffs, Plaintiffs, and Settlement Class Members expressly agree that this Release, and the Final Judgment and Order, are, will be, and may be raised as a complete defense to, and will preclude, any action or proceeding encompassed by this Release.

7.      Representative Plaintiffs, Plaintiffs, and Settlement Class Members who have not validly and timely excluded themselves from this Settlement shall not now or hereafter institute, maintain, prosecute, assert, and/or cooperate in the institution, commencement, filing, or prosecution of any suit, action, and/or proceeding, against the Released Parties, either directly or indirectly, on their own behalf, on behalf of a class or on behalf of any other person or entity with respect to the claims, causes of action and/or any other matters released through this Settlement.

8.      In connection with this Settlement, Representative Plaintiffs, Plaintiffs, and Class Members acknowledge that they may hereafter discover Unknown Claims, or facts in addition to or different from those that they now know or believe to be true concerning the subject matter of the Action and/or the Release herein. Nevertheless, it is the intention of Class Counsel and Settlement Class Members in executing this Settlement Agreement to fully, finally, and forever settle, release, discharge, and hold harmless all such matters, and all claims relating thereto which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding) with respect to the Action, except as otherwise stated in this Settlement Agreement.

9.      Representative Plaintiffs expressly understand and acknowledge, and all Representative Plaintiffs, Plaintiffs, and Settlement Class Members will be deemed by the Final Judgment and Order to acknowledge and expressly waive the provisions of Section 1542 of the California Civil Code and understand that such section provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES**

**NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

10.     Representative Plaintiffs, Plaintiffs, and Settlement Class Members expressly waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable, or equivalent to Section 1542, to the fullest extent they may lawfully waive such rights.

11.     Representative Plaintiffs represent and warrant that they are the sole and exclusive owners of all claims that they personally are releasing under this Settlement Agreement. Representative Plaintiffs further acknowledge that they have not assigned, pledged, or in any manner whatsoever, sold, transferred, assigned or encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the Action, including without limitation, any claim for benefits, proceeds or value under the Action, and that Representative Plaintiffs are not aware of anyone other than themselves claiming any interest, in whole or in part, in the Action or in any benefits, proceeds or values under the Action. Settlement Class Members submitting a Claim Form shall represent and warrant therein that they are the sole and exclusive owner of all claims that they personally are releasing under this Settlement Agreement and that they have not assigned, pledged, or in any manner whatsoever, sold, transferred, assigned or encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the Action, including without limitation, any claim for benefits, proceeds or value under the Action, and that such Settlement Class Member(s) are not aware of anyone other than themselves claiming or sharing any interest in their respective Class Vehicle, in whole or in part, in the Action or in any benefits, proceeds or values under the Action.

12.     Representative Plaintiffs, Class Counsel and any other attorneys who receive attorneys' fees and costs from this Settlement Agreement acknowledge that they have conducted sufficient independent investigation and discovery to enter into this Settlement Agreement; and that this settlement was reached with the assistance of mediation before Rodney Max, J.D., principal of the Upchurch Watson White & Max Mediation Group. By executing this Settlement Agreement, Representative Plaintiffs, Plaintiffs, and Settlement Class Members state that they have not relied upon any statements or representations made by the Released Parties or any person or entity representing the Released Parties, other than as set forth in this Settlement Agreement.

13.     Nothing in this Release shall preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed herein.

14.     Representative Plaintiffs and Plaintiffs' Class Counsel hereby agree and acknowledge that the provisions of this Release together constitute an essential and material term of the Settlement Agreement and shall be included in any Final Order and Final Judgment entered by the Court.

## G.    SETTLEMENT CONSIDERATIONS

In consideration for the full and complete Release of all Released Claims against all Released Parties, and the dismissal of the Action with prejudice, Defendants agree to provide the following consideration to the Settlement Class.

### 1.    Settlement Warranty Extension for Current Owners or Lessees.

(a)    Effective three business days following the deadline for submitting Claims, SOA will extend its existing express New Vehicle Limited Warranty to cover Qualifying Cracks in Settlement Class Vehicles for a period of eight years or 100,000 miles, whichever occurs first, from the In-Service Date of the Settlement Class Vehicle. This Settlement Extended Warranty shall be limited to a one-time replacement of a pre-counter-measure windshield with a post-counter-measure windshield, at which time the Settlement Extended Warranty shall expire.

(b)    The Settlement Extended Warranty is transferable during its coverage period.

(c)    The Settlement Extended Warranty will cover all parts and labor costs associated with the replacement of the windshield due to a Qualifying Crack, performed by an Authorized Subaru Dealer.

(d)    The Settlement Extended Warranty is subject to the same terms and conditions set forth in the Settlement Class Vehicle's New Vehicle Limited Warranty as stated in the Warranty & Maintenance Booklet provided with each vehicle, except as specifically modified herein.

(e)    In addition to any exclusions already existing in the New Vehicle Limited Warranty, vehicles declared a total loss, sold for salvage, materially altered from their original construction, or with altered odometer mileage, are ineligible for the Settlement Extended Warranty.

(f)    This Settlement Agreement does not add to, diminish, or otherwise affect any express or implied warranty, duty, or contractual obligation of Subaru, except as it relates to Qualifying Cracks and the corresponding windshield replacement as set forth herein.

(g)    Subaru may continue its customer satisfaction or goodwill policies, extending considerations to Settlement Class Members on a case-by-case basis, without affecting their entitlement under this Settlement. However, any compensation under the Settlement will be reduced by any previous compensation— including but not limited to cash or cash-in-kind concessions—related to a Qualifying Crack, up to the point of no reimbursement if such payments equal or exceed the value of the settlement relief.

2.      **Reimbursement for Repairs Performed Prior to Notice Date.**

(a)      **Claims Administration:** The Class Administrator, JND, will administer a pure claims-made process. This process involves no common fund, and reimbursement will be based solely on individual claims submitted by Settlement Class Members via the Settlement Website.

(b)      **Proofs and Eligibility for Reimbursement:** The reimbursement process will be subject to the provision of adequate proof, as discussed in Section G.2(e) below, and Settlement Class Members will be reimbursed only for costs they have actually incurred for repairing a Qualifying Crack in a pre-countermeasure windshield of a Class Vehicle. Such costs must have been incurred prior to the issuance of the Class Notice and before the expiration of the extended warranty coverage period.

(c)      **Submission of Claims:** Claims for Reimbursement must be submitted via the Settlement Class Website. The deadline for submitting Claims is no later than 45 days after the Notice Date.

(d)      **Exclusion of Certain Claims:** No compensation will be provided for claims related to the alleged diminution in vehicle value. Reimbursement shall be limited to out-of-pocket payments for parts and labor associated with a Qualifying Repair.

(e)      **Qualifications for Claims:**

    (i)      **Proof of Repair Expense Requirement:** To qualify for reimbursement, a claimant must provide sufficient Proof of Repair Expense, which shows evidence of a windshield replacement.

    (ii)      **Assessment of Claims:**

        (1)      A claimant may file a Claim for Reimbursement via the Settlement Website under only one of the below option Tiers. That choice is final upon claim submission and no claimant may change their selected Tier option at any point thereafter.

        (2)      **Tier 1 - Contemporaneous Photographs:** Claimants who provide Proof of Repair Expense and a contemporaneous photograph showing a Qualifying Crack will be entitled to the following recovery:

            a.      1 repair with a photo of a Qualifying Crack: 125% of the cost incurred.

            b.      2 repairs with photos of Qualifying Cracks: 150% of the cost incurred.

        c.     3 or more repairs with photos of Qualifying Cracks: 200% of the cost incurred.

(3)    **Tier 2 - Claims Form Photo Questionnaire:** Claimants with Proof of Repair Expense but no contemporaneous photograph will use a dynamic website to select a photo that most closely resembles their windshield crack. Six photographs, drawn from a pool of photographs agreed to by the Parties, will be randomly displayed on that dynamic website. Claimants with Proof of Repair Expense who select a photo depicting a Qualifying Crack will be entitled to recover 100% of the actual cost incurred for that repair. In order to choose the Tier 2 option, these claimants must attest under oath to the absence of any photographic evidence of the crack or damage and that the photo selected most closely resembles the crack their vehicle exhibited.

    a.    The total payment for Tier 2 claims is subject to a conditional $2 million limit ("Tier 2 Collar"). If the sum of honored Tier 2 claims does not exceed $2 million, Subaru will pay 100% of each honored claim.

    b.    Should the sum exceed $2 million, the reimbursement for each honored claim will be proportionally reduced using the formula: Reduced Amount = Original Claim Amount $\times \left( \dfrac{\text{Payment Collar}}{\text{Total Honored Claims Sum}} \right)$.

    c.    In the unexpected event that the volume and dollar amount of claims accepted for Tier 2 payment are of such amount that claimants would receive less than 30% of the approved reimbursement amount submitted, the Parties, with the inclusion of the Settlement Administrator, shall meet and confer to determine why the claims so substantially exceeded projections, and whether there is evidence that the claims process was tainted by fraudulent claims. In such situation, the Parties agree that, as part of the meet and confer process, Subaru may be required to engage social media or other appropriate experts at their own expense to ascertain the existence and extent of fraudulent claims. The Parties will work in good faith to insure that, absent clear evidence of fraud, Defendants will supplement the funds available to pay the valid and approved Tier 2

14

claims such that no successful claimant will receive less than 25% of their approved out-of-pocket losses submitted.

(4)     In order to achieve the process above and support the integrity of the claims proceeding, the Settlement Administrator shall not share information about the adjudication of claims until after the 45 day Claims Process is complete. Subject to the provision of Section G.2.(e)(ii)(3)(c), JND shall issue notices of decision and checks within the 60 day period following the Effective Date of the Settlement.

(f)     **Claims Not Satisfying Tiers:** Claimants who do not meet the requirements of Tier 1 or Tier 2 will not be eligible for reimbursement. However, they will remain entitled to the benefits of the Extended Warranty as stated in Section G.1 above.

### 3.     Reimbursement for Repairs Performed During 45-Day Claim Period

(a)     A Settlement Class Member whose windshield cracks on or after the Notice Date but before the termination of the claim period (i.e., within 45 days from the Notice Date) and wishes to submit a Claim for Reimbursement for replacement of the windshield will only be permitted to proceed via the Tier 1 process (see Section G.2.(e)(ii)(2)). The Settlement Class Member must take and submit a photo of the crack to be eligible for reimbursement.

(b)     All other requirements of Tier 1 claimants as presented in Section G.2 above will apply to claimants seeking reimbursement under this Section.

(c)     **Claims Not Satisfying Tier:** A claimant seeking reimbursement for a replacement of the windshield performed during the 45-day claim period who does not meet the requirements of Tier 1 will not be eligible for reimbursement. However, the claimant will remain entitled to the benefits of the Extended Warranty as stated in Section G.1 above.

### 4.     Compensation Contingent on Final Approval.

(a)     Payment of Claims for Reimbursement is contingent upon the Court's final approval of this Settlement Agreement.

### 5.     Costs of Administration and Notice.

(a)     The Parties agree that Defendants shall be responsible for the costs of Class Notice and settlement administration, including the fees and expenses incurred by the Settlement Administrator. Class Counsel shall be entitled, upon request, to obtain reports as to the claims filing data from the

Settlement Administrator. The Parties agree to work cooperatively to resolve any concerns that may arise concerning the administration of claims.

**H.    CLAIMS ADMINISTRATION**

1.    **Administration**.

(a)    For each approved Claim for Reimbursement, Settlement Administrator shall mail to the Settlement Class Member, at the address listed on the Claim Form, a reimbursement check for the approved recovery to which the Settlement Class Member is entitled within 60 days after the Effective Date.

(b)    For any Claim for Reimbursement that qualifies for less than the full amount of the reimbursement sought by the Settlement Class Member (including claims that are denied in their entirety), Settlement Administrator shall, within the period set forth in Section H.1(a), above, e-mail or mail to the Settlement Class Member, at the address submitted with the Claim, a "**Claim Decision and Option Selection Form**" (substantially in the form attached hereto as **Exhibit E**) stating:

(i)    That partial compensation or reimbursement has been awarded, or that the claim has been denied;

(ii)    The amount of the proposed compensation or reimbursement, if any;

(iii)    Whether rejection of the compensation or reimbursement sought was based on:

(1)    Lack of or insufficient Proof of Repair Expense and/or other required proof;

(2)    Error in the Claim submission; or

(3)    That the claim amount has been reduced because of an offset for prior goodwill, or any other applicable reason set forth in this Settlement Agreement impacting payment of the full amount of the compensation or reimbursement sought by the Settlement Class Member.

(iv)    The Settlement Class Member's right to a Second Review of Settlement Administrator's decision, as described in Section H.2 below.

(c)    Any Settlement Class Member who receives a Claim Decision and Option Selection Form under Section H.1(b) above, notifying him or her of his or her right to Second Review, may:

(i) Initiate a Second Review of Settlement Administrator's decision by completing and submitting online or mailing the Claim Decision and Option Selection Form, postmarked within 30 days of the date of the letter; or

(ii) Accept the reimbursement offered, which acceptance will be presumed if no completed Claim Decision and Option Selection Form is received by Settlement Administrator within 30 days of receipt of the letter.

(d) If a Settlement Class Member accepts the reimbursement offer under Section H.1(c)(ii), Settlement Administrator shall mail the Settlement Class Member a reimbursement check within 60 days of the Effective Date or within 45 days after receipt of said acceptance by Settlement Administrator (determined either by Settlement Administrator's receipt of the completed Claim Decision and Option Selection Form from the Settlement Class Member accepting the reimbursement offered, or by the expiration of the above-referenced period of time in which acceptance will be presumed), whichever occurs later.

**2. Second-Level Review.**

(a) A Settlement Class Member who initiates a Second Review must rely solely on the documents submitted with the Claim.

(b) No Settlement Class Member will be allowed to supplement or, in any way, change their response to the online Tier 2 Questionnaire discussed in Section G.2(e)(ii)(3) above.

(c) In each Second Review, Settlement Administrator shall review the decision with regard to the reimbursement, including the criteria required under this Settlement Agreement.

(d) An employee of Settlement Administrator who is a different employee from the one that made the initial determination will make the Second Review. His or her Second Review will be independent of the initial review.

(e) The reviewer will review the Settlement Administrator's initial determination and independently determine, based upon the claim and proof submitted by the Settlement Class Member, whether the initial determination should be adjusted. The reviewer will have the authority to increase the reimbursement amount originally offered up to the full amount of the reimbursement sought, if the Settlement Class Member's Claim meets the requirements under the Settlement Agreement. Under no circumstance shall the second reviewer decrease the reimbursement amount previously offered.

(f) The Second Review determination, along with any applicable payment, will be mailed to the Settlement Class Member within 45 days of the date in

which Settlement Administrator received the request for a Second Review, or within 60 days of the Effective Date, whichever is later, along with any supporting documentation. The Second Review determination will state the reason(s) why the initial determination was modified or not. Settlement Administrator's decision shall be final and not appealable.

(g)     Class Counsel may monitor the claims administration process and, upon request, may receive updates from the Settlement Administrator to ensure that Settlement Administrator is acting in accordance with the Settlement Agreement.

(h)     Defendants shall bear all costs of the Second Review.

## I.     CLASS NOTICE AND PUBLICATION

### 1.     To Attorney General

(a)     In compliance with the Attorney General notification provision of the Class Action Fairness Act, 28 U.S.C. § 1715, Defendants shall provide notice of this proposed Settlement to the Attorney General of the United States, and the Attorneys General of each state in which a Settlement Class Member resides.

### 2.     To Settlement Class

#### (a)     Notice Program by Settlement Administrator:

(i)     Within 75 days after entry of the Preliminary Approval Order, as detailed in Section L.1 of this Settlement Agreement, the Settlement Administrator shall initiate the Settlement Class Notice program. This program shall include:

(1)     **Mailing of Short-Form Notice:** A short-form postcard notice, substantially in the form attached hereto as **Exhibit B**, shall be mailed by first-class mail to the current or last known addresses of all reasonably identifiable Settlement Class Members. The short-form notice will provide a summary of the key terms of the settlement, information on how to obtain the long-form notice, and directions to the Settlement website for detailed information and claim submission.

(2)     **Long-Form Notice Availability:** A long-form notice, substantially in the form attached hereto as **Exhibit A**, which provides more comprehensive information about the settlement, will be available on the Settlement website.

(ii)    For purposes of identifying Settlement Class Members, SOA shall either obtain from its own records and verify with R.L. Polk & Co. (or a reasonable substitute agreed to by Class Counsel) the names and current or last known addresses of Settlement Class Vehicle owners and lessees that can reasonably be obtained, and the Vehicle Identification Numbers (VINs) of Settlement Class Vehicles or have Settlement Administrator coordinate with Experian (or a reasonable substitute agreed to by Class Counsel) to obtain such names and addresses using VINs provided by SOA; or use another, similar, reputable method.

(iii)    Prior to mailing the Class Notice, an address search through the United States Postal Service's National Change of Address database will be conducted to update the address information for Settlement Class Vehicle owners and lessees. For each individual Class Notice that is returned as undeliverable, Settlement Administrator shall re-mail the Class Notice where a forwarding address has been provided. For the remaining undeliverable notice packets where no forwarding address is provided, Settlement Administrator shall perform an advanced address search (e.g. a skip trace) and re-mail any undeliverable notices to the extent any new and current addresses are located.

(iv)    Settlement Administrator shall diligently, and/or as reasonably requested by Class Counsel, report to Class Counsel the number of individual Class Notices originally mailed to Settlement Class Members, the number of individual Class Notices initially returned as undeliverable, the number of additional individual Class Notices mailed after receipt of a forwarding address, and the number of those additional individual Class Notices returned as undeliverable.

(v)    Settlement Administrator shall, upon request, provide Class Counsel with the names and addresses of all Settlement Class Members to whom a Class Notice was sent pursuant to this section.

(vi)    Defendants shall implement a Settlement website containing:

    (1)    instructions on how to submit a Claim for Reimbursement;

    (2)    instructions on how to contact Defendants and Class Counsel for assistance;

    (3)    online submission forms;

    (4)    a copy of the Class Notice and this Settlement Agreement; and

(5)    any other relevant information agreed upon by counsel for the Parties.

(vii)    No later than 10 days before the Fairness Hearing, Settlement Administrator shall prepare and Defendants shall provide an affidavit to Class Counsel, attesting that the Class Notice was disseminated in a manner consistent with the terms of the Settlement Agreement or those required by the Court.

**3.    Content of Short-Form Postcard Notice:**

(a)    The short-form notice shall include, at minimum:

(i)    A brief description of the lawsuit, the Settlement Class, and the proposed settlement.

(ii)    The URL of the Settlement website and a statement that the website contains the Long-Form Notice and more detailed information.

(iii)    The deadline for submitting Claims, objections, or requests for exclusion.

(iv)    The date on which the unredacted version of the Settlement Agreement and Exhibits will be made publicly available. *See* Section E.3 above.

(v)    A toll-free number and/or email address for Settlement Class Members to contact the Settlement Administrator for additional information or to request a copy of the Long-Form Notice.

**J.    RESPONSE TO NOTICE**

**1.    Objection to Settlement.**

(a)    Any Settlement Class Member who intends to object to the fairness of this Settlement Agreement must, by the date specified in the Preliminary Approval Order and recited in the Class Notice, which date shall be no less than 60 days after the Notice Date, file any such objection via the Court's electronic filing system, and, if not filed via the Court's electronic filing system, must mail, postmarked by the date specified in the Preliminary Approval Order, the objection to the Court and also serve by first-class mail copies of the objection upon:

(i)    Clerk of the Court
United States District Court
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse

4th & Cooper Streets
Camden, New Jersey 08101

(ii)   Peter A. Muhic
       Muhic Law LLC,
       923 Haddonfield Rd., Suite 300
       Cherry Hill, NJ 08002

(iii)  Neal Walters
       Ballard Spahr LLP
       300 East Gate Drive, Suite 330
       Mount Laurel, New Jersey 08054

(b)    Any objecting Settlement Class Member must include with his or her objection:

       (i)    the objector's full name, current address, and telephone number;

       (ii)   the model, model year, date of acquisition and vehicle identification number of the Settlement Class Vehicle, along with proof that the objector has owned or leased the Settlement Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt);

       (iii)  a written statement stating whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

       (iv)   a written statement that the objector has reviewed the Settlement Class definition and understands in good faith that he or she is a Settlement Class Member;

       (v)    a written statement of all grounds for the objection accompanied by any legal support for such objection sufficient to enable the parties to respond to those specific objections;

       (vi)   copies of any papers, briefs, or other documents upon which the objection is based and which are pertinent to the objection; and

       (vii)  a statement of whether the Settlement Class Member complained to Defendants or an Authorized Subaru Dealer about a defective windshield or has had any Qualifying Repairs and, if so, provide evidence of any such complaint or repairs.

(c)    In addition, any Settlement Class Member objecting to the Settlement shall provide a list of all other objections submitted by the objector, and/or the objector's counsel, to any class action settlements submitted in any state or federal court in the United States in the previous five years, including the full case name with jurisdiction in which it was filed and the docket number. If

the Settlement Class Member or his, her, or its counsel has not objected to any other class action settlement in the United States in the previous five years, he or she shall affirmatively so state in the objection.

(d)    Moreover, subject to the approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Fairness Hearing to explain why the proposed Settlement should not be approved as fair, reasonable, and adequate, or to object to any petitions for Class Counsel Fees and Expenses or Service Awards. If the objecting Settlement Class Member intends to appear at the Fairness Hearing, the objecting Settlement Class Member must file with the Clerk of the Court and serve upon all counsel designated in the Notice a notice of intention to appear at the Fairness Hearing by the objection deadline as specified in the Preliminary Approval Order. The notice of intention to appear must include copies of any papers, exhibits, or other evidence, and the identity of witnesses, that the objecting Settlement Class Member (or the objecting Settlement Class Member's counsel) will present to the Court in connection with the Fairness Hearing. A Settlement Class Member who fails to adhere to the requirements of this section may be deemed to have waived any objections to the settlement, any adjudication or review of the Settlement Agreement, by appeal or otherwise, and/or any right to appear at the Fairness Hearing.

(e)    Upon the filing of an objection, Class Counsel and Defendants' Counsel may take the deposition of the objecting Settlement Class Member pursuant to the Federal Rules of Civil Procedure at an agreed-upon time and location, and obtain any evidence relevant to the objection. The Court may tax the costs of any such discovery to the objector or the objector's counsel if the Court determines that the objection is frivolous or is made for an improper purpose.

**2.    Request for Exclusion from the Settlement.**

(a)    Any Settlement Class Member who wishes to be excluded from the Settlement Class must submit a request for exclusion (**"Request for Exclusion"**), online at the settlement website, or mailed substantially in the form attached hereto as **Exhibit F**, to Settlement Administrator at the address specified in the Class Notice by the date specified in the Preliminary Approval Order and recited in the Class Notice. To be effective, the Request for Exclusion must be submitted on the settlement website or sent to the specified address and:

(i)    include the Settlement Class Member's full name, current address and telephone number;

(ii)    identify the model, model year, date of acquisition and vehicle identification number of the Settlement Class Vehicle; and

(iii)    specifically and unambiguously state in writing his or her desire to be excluded from the Settlement Class and election to be excluded from any judgment entered pursuant to the Settlement.

(b)    Any Settlement Class Member who obtains relief pursuant to the terms of this Settlement Agreement after the receipt of the Class Notice gives up the right to exclude him or herself from this Settlement.

(c)    Any request for exclusion must be submitted or postmarked on or before the deadline set by the Court, which date shall be no less than 60 days after the Notice Date. Any Settlement Class Member who fails to submit a timely and complete Request for Exclusion sent to the proper address shall be subject to and bound by this Settlement Agreement, the Release and every order or judgment entered relating to this Settlement Agreement.

(d)    Settlement Administrator will receive Requests for Exclusion and will follow guidelines developed jointly by Class Counsel and Defendants' counsel for determining whether they meet the requirements of a Request for Exclusion. Any communications from Settlement Class Members (whether styled as an exclusion request, an objection, or a comment) as to which it is not readily apparent whether the Settlement Class Member meant to exclude himself or herself from the Settlement Class will be evaluated jointly by counsel for the Parties, who will make a good faith evaluation, if possible, and may contact the Settlement Class Member for clarification. Any uncertainties about whether a Settlement Class Member is requesting exclusion from the Settlement Class will be submitted to the Court for resolution. Settlement Administrator will maintain a database of all Requests for Exclusion, and will send the original written communications memorializing those Requests for Exclusion to Class Counsel. Settlement Administrator shall report the names and addresses of all such persons and entities requesting exclusion to the Court and Class Counsel within seven days prior to the Final Hearing, and the list of persons and entities deemed by the Court to have excluded themselves from the Settlement Class will be attached as an exhibit to the Final Order and Judgment.

(e)    Objections and Requests for exclusions shall be permitted on an individual basis only. Any purported "class-wide" objections or opt-outs will be construed as being submitted on behalf of the person(s) signing them only.

## K.    WITHDRAWAL FROM SETTLEMENT

1.    Plaintiffs or Defendants shall have the option to withdraw from this Settlement Agreement, and to render it null and void if any of the following occurs:

(a)    Any objection to the proposed settlement is sustained and such objection results in changes to the Settlement Agreement that the withdrawing party deems in good faith to be material (*e.g.*, because it substantially increases the

costs of the Settlement, or deprives the withdrawing party of a material benefit of the Settlement). A mere delay of the approval and/or implementation of the Settlement, including a delay due to an appeal procedure, if any, shall not be deemed material;

(b)     The preliminary or final approval of this Settlement Agreement is not obtained without material modification, and any modification required by the Court for approval is not agreed to by both Parties, and the withdrawing party deems any required modification in good faith to be material (e.g., because it increases the cost of the Settlement, or deprives the withdrawing party of a material benefit of the Settlement). A mere delay of the approval and/or implementation of the Settlement, including a delay due to an appeal procedure, if any, shall not be deemed material;

(c)     Entry of the Final Order and Judgment described in the Settlement Agreement is vacated by the Court or reversed or substantially modified by an appellate court; or

(d)     If 10,000 or more Class Members properly and timely exercise their right to opt out of the settlement, Defendants or Plaintiffs shall have the right to terminate this Settlement Agreement without penalty or sanctions, without prejudice to its position on the issue of class certification and the amenability of the claims asserted in the Action to class treatment, and the Parties shall be restored to their litigation position existing immediately before the execution of this Settlement Agreement.

2.     If the information sufficient to enable a fraudulent claim under the Tier 2 option (Section G.2(e)(ii)(3) above) is publicly disclosed prior to the date on which the Parties agree to file that information on the public docket pursuant to Section E.3 above and Defendants have proof that there is a material increase in the number of Claimants correctly selecting a photo on the Claims Form Photo Questionnaire with a Qualifying Crack as compared to those not selecting a Photo with a Qualifying Crack, after the point in time when the information was made public, which indicates that a portion of the claims are more likely than not fraudulent, then the Parties shall meet and confer, consult with experts as appropriate, and bring this information to the Court as to the best manner of proceeding, including whether Defendants may terminate this Settlement Agreement without penalty or sanctions, without prejudice to its position on the issue of class certification and the amenability of the claims asserted in the Action to class treatment, and the Parties shall be restored to their litigation position existing immediately before the execution of this Settlement Agreement.

3.     To withdraw from this Settlement Agreement under this Section, the withdrawing party must provide written notice to the other party's counsel and to the Court within ten business days of receipt of any order or notice of the Court modifying, adding, or altering any of the material terms or conditions of the Settlement Agreement. In the event either party withdraws from the Settlement, this Settlement Agreement shall be null and void, shall have no further force and effect with respect to any party in the Action, and shall not be offered into evidence or used in the Action or any other litigation for any purpose, including the existence, certification,

or maintenance of any purported class. In the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be inadmissible as evidence and without prejudice to the Defendants and Plaintiffs, and shall not be deemed or construed to be an admission or confession by any party of any fact, matter or proposition of law, and shall not be used in any manner for any purpose, and all parties to the Action shall stand in the same position as if this Settlement Agreement had not been negotiated, made or filed with the Court. Upon withdrawal, either party may elect to move the Court to vacate any and all orders entered pursuant to the provisions of this Settlement Agreement.

## L.    ADMINISTRATIVE OBLIGATIONS

### 1.    Preliminary Approval of Settlement.

(a)    Promptly after the execution of the Settlement Agreement, Class Counsel shall present the Settlement Agreement to the Court, along with a motion requesting that the Court issue a Preliminary Approval Order.

### 2.    Final Approval of Settlement.

(a)    If the Settlement Agreement is preliminarily approved by the Court, Class Counsel shall file a motion no less than 30 days before the deadline for submitting a Request for Exclusion or Objection requesting that the Court issue a Final Order and Judgment directing the entry of judgment pursuant to FED. R. CIV. P. 54(b) substantially in the form attached as **Exhibit C**.

## M.    FORM AND SCOPE OF JUDGMENT

1.    Upon the Effective Date, the Plaintiffs and each Settlement Class Member shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully and completely released, acquitted, and discharged the Released Parties from all Released Claims.

2.    Upon the Effective Date, with respect to the Released Claims, the Plaintiffs and Settlement Class Members expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of § 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or releasing party."

3.    Upon the Effective Date, the Action will be deemed dismissed with prejudice.

## N.    ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

1.    The Parties agree that Class Counsel may apply to the Court for an award of reasonable attorneys' fees and expenses, inclusive of costs up to, but not to exceed, the total combined sum of $7,250,000 ("seven million, two hundred fifty thousand dollars"), which was the amount set forth in the mediator's proposal. Defendants will not oppose Class Counsel's application for Attorneys' Fees and Expenses up to and not exceeding the above amount, and

Class Counsel may not be awarded, and shall not accept, any amount for attorneys' fees and expenses in excess of the above amount. Each party shall have the right of appeal to the extent the award is inconsistent with the Settlement Agreement. Attorneys' Fees and Expenses shall be in addition to the benefits provided directly to the Settlement Class (and shall be in addition to the Representative Plaintiffs' Service Awards), and shall not reduce or otherwise have any effect on the benefits made available to the Settlement Class.

2.      Upon finalization of this Settlement Agreement, the Parties have agreed that Defendants will not oppose Plaintiffs' request, made as part of the Fee and Expense Application, that Defendants separately pay Service Awards of $5,000 to each of the named Plaintiffs Jeffrey Barr, Arnold Milstein, Allan Zaback, and Brittany Funk, who have served as putative Representative Plaintiffs in the Action.

3.      Payment of Attorneys' Fees and Expenses and the Representative Plaintiffs' Service Awards will not reduce the benefit being made available to the Settlement Class Members, and the Settlement Class Members will not be required to pay any portion of the Representative Plaintiffs' Service Awards or Attorneys' Fees and Expenses.

4.      Defendants shall pay the Attorneys' Fees and Expenses and settlement class representative Service Awards by wire transfer, check, or other mutually agreeable fashion to Muhic Law LLC, as the designated Class Counsel payee ("Class Counsel payee"), within seven (7) days of the Effective Date or of the first date after all appellate rights with respect to the Attorneys' Fees and Expenses and settlement class representative Service Awards have expired or been fully resolved, whichever occurs later. Payment to the Class Counsel payee shall fully satisfy and discharge all obligations of Subaru with respect to payment of the Attorneys' Fees and Expenses and Representative Plaintiffs' Service Awards.

5.      The Class Counsel payee shall distribute Attorneys' Fees and Expenses awarded by the Court between and among Class Counsel as Class Counsel mutually agree amongst themselves.

6.      The Parties agree that Defendants are in no way liable for any taxes Class Counsel, Representative Plaintiffs, Plaintiffs, Settlement Class Members, or others may be required to pay as a result of the receipt of any settlement benefits. It is recommended that Class Counsel, Representative Plaintiffs, Plaintiffs, and Settlement Class Members consult with their own tax advisors regarding the tax consequences of the settlement benefits and any payments received pursuant to this Settlement Agreement. The Settlement Administrator shall not provide tax advice to any Settlement Class Member.

## O.      MISCELLANEOUS PROVISIONS

### 1.      Publicity

(a)      The Parties agree that other than the Settlement website provided in Section I.2(a)(vi), no other publicity will be prepared or proceed by the Parties or counsel, except that counsel may respond to press inquiries and issue a general press release through their websites. Nothing in the Settlement Agreement shall preclude Class Counsel from issuing a press

release or establishing and maintaining, at their own expense, an internet presence referencing only their role as Class Counsel in the Action and that a settlement has been reached with a hyperlink to the settlement website.

**2.     Effect of Exhibits**

(a)     The exhibits to the Settlement Agreement are an integral part of the settlement and are expressly incorporated and made a part of the Settlement Agreement.

**3.     Entire Agreement**

(a)     The Settlement Agreement represents the entire agreement and understanding among the Parties and supersedes all prior proposals, negotiations, agreements and understandings relating to the subject matter of the Settlement Agreement. The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation or understanding concerning any part or all of the subject matter of the Settlement Agreement has been made or relied on except as expressly set forth in the Settlement Agreement. No modification or waiver of any provisions of the Settlement Agreement shall in any event be effective unless the same shall be in writing and signed by the person or party against whom enforcement of the Agreement is sought.

**4.     Arm's-Length Negotiations and Good Faith**

(a)     The Parties have negotiated all of the terms and conditions of the Settlement Agreement at arm's length, with the assistance of a mediator to reach agreement. The Parties agree that during the course of this Action, the Parties and their respective counsel have acted in good faith and that no settlement discussions pertaining to the amount of Attorneys' Fees and Expenses occurred until after agreement had been reached on all material terms of relief for the Settlement Class Members. All terms, conditions and exhibits in their exact form are material and necessary to the Settlement Agreement and have been relied upon by the Parties in entering into the Settlement Agreement. The Parties agree to act in good faith during the claims administration process.

**5.     Continuing Jurisdiction**

(a)     The Parties agree that the Court may retain continuing and exclusive jurisdiction over them, including all Settlement Class Members, for the purpose of the administration and enforcement of the Settlement Agreement.

**6.     Binding Effect of Settlement Agreement**

(a)     The Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, attorneys, heirs, successors and assigns.

7.    **Extensions of Time**

    (a)    The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in the Settlement Agreement, without further notice (subject to Court approval as to Court dates).

8.    **Authority to Execute Settlement Agreement**

    (a)    Each counsel or other person executing the Settlement Agreement or any of its exhibits on behalf of any party hereto warrants that such person has the authority to do so.

9.    **Return of Confidential Materials**

    (a)    All documents and information designated as "confidential" and produced or exchanged in the Action, shall be returned or destroyed in accordance with the terms of the Discovery Confidentiality Order entered in the Action on December 28, 2020 (ECF No. 71).

10.    **No Assignment**

    (a)    The Parties represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the litigation or any related action.

11.    **No Third-Party Beneficiaries**

    (a)    The Settlement Agreement shall not be construed to create rights in, or to grant remedies to, or delegate any duty, obligation or undertaking established herein to any third party (other than Settlement Class Members themselves) as a beneficiary of the Settlement Agreement.

12.    **Construction**

    (a)    The determination of the terms and conditions of the Settlement Agreement has been by mutual agreement of the Parties. Each Party participated jointly in the drafting of the Settlement Agreement and, therefore, the terms and conditions of the Settlement Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

13.    **Captions**

    (a)    The captions or headings of the sections and paragraphs of the Settlement Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of the Settlement Agreement.

**14.**    **Signatures**

(a)    This Settlement Agreement may be signed with an electronic or facsimile signature and in counterparts, each of which shall constitute a duplicate original.

**IN WITNESS WHEREOF**, Plaintiffs and Class Representatives, Jeffrey Barr, Arnold Milstein, Allan Zaback, and Brittany Funk, have executed this Settlement Agreement as of the date(s) indicated on the lines below.


BY:_____    DATE: _____
　　Jeffrey Barr


BY:_____    DATE: _____
　　Arnold Milstein


BY:_____    DATE: _____
　　Allan Zaback


BY:_____    DATE: _____
　　Brittany Funk

**IN WITNESS WHEREOF**, Plaintiffs and Class Representatives, Jeffrey Barr, Arnold Milstein, Allan Zaback, and Brittany Funk, have executed this Settlement Agreement as of the date(s) indicated on the lines below.

BY:_____            DATE: _____
    Jeffrey Barr

BY:_____            DATE: _____4/10/2024_____
    Arnold Milstein

BY:_____            DATE: _____
    Allan Zaback

BY:_____            DATE: _____
    Brittany Funk

**IN WITNESS WHEREOF**, Plaintiffs and Class Representatives, Jeffrey Barr, Arnold Milstein, Allan Zaback, and Brittany Funk, have executed this Settlement Agreement as of the date(s) indicated on the lines below.


BY:_____        DATE: _____
    Jeffrey Barr


BY:_____        DATE: _____
    Arnold Milstein


*Allan R. Zaback*

BY:_____        DATE: 04/11/2024
    Allan Zaback


BY:_____        DATE: _____
    Brittany Funk

**IN WITNESS WHEREOF**, Plaintiffs and Class Representatives, Jeffrey Barr, Arnold Milstein, Allan Zaback, and Brittany Funk, have executed this Settlement Agreement as of the date(s) indicated on the lines below.

BY:_____    DATE: _____

    Jeffrey Barr

BY:_____    DATE: _____

    Arnold Milstein

BY:_____    DATE: _____

    Allan Zaback

BY:_____    DATE: 04/11/2024_____

    Brittany Funk

**IN WITNESS WHEREOF**, Plaintiffs, through their counsel, have executed this Settlement Agreement as of the date(s) indicated on the lines below.


COUNSEL FOR PLAINTIFFS:


BY: _____          DATE: 4/11/2024 _____
    Peter A. Muhic


BY: _____          DATE: _____
    Edwin J. Kilpela, Jr.


BY: _____          DATE: _____
    Russell D. Paul

**IN WITNESS WHEREOF**, Plaintiffs, through their counsel, have executed this Settlement Agreement as of the date(s) indicated on the lines below.


COUNSEL FOR PLAINTIFFS:


BY:_____        DATE:_____
    Peter A. Muhic


BY:_____        DATE:__4/11/24_____
    Edwin J. Kilpela, Jr.


BY:_____        DATE:_____
    Russell D. Paul

**IN WITNESS WHEREOF**, Plaintiffs, through their counsel, have executed this Settlement Agreement as of the date(s) indicated on the lines below.


COUNSEL FOR PLAINTIFFS:


BY:_____     DATE:_____
      Peter A. Muhic


BY:_____     DATE:_____
      Edwin J. Kilpela, Jr.


BY:_____     DATE:____4.11.2024_____
      Russell D. Paul

31

**IN WITNESS WHEREOF**, the undersigned, on behalf of Defendants Subaru of America Inc. and Subaru Corporation, has executed this Settlement Agreement as of the date indicated on the lines below.


BY: _____          DATE: ___4/10/24___

TITLE: Vice President Service & Quality