# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINE POWELL, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUBARU OF AMERICA, INC., *et al.*,<br><br>Defendants. | Case No. 1:19-CV-19114-MJS<br><br>**FINAL JUDGMENT AND ORDER** |

    This matter came before the Court for hearing pursuant to the Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, dated October 3, 2024 (ECF No. 155) ("Preliminary Approval Order"), on the motions of Plaintiffs Jeffrey Barr, Brittany Funk, Arnold Milstein, and Allan Zaback (collectively, "Plaintiffs" or "Representative Plaintiffs"), seeking approval of the proposed class action settlement with Defendants Subaru of America, Inc. and Subaru Corporation (collectively, "Defendants") and approval of attorneys' fees, expenses, and service awards. Due and adequate notice having been given of the Settlement as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings conducted herein, and good cause appearing, it is hereby ORDERED, ADJUDGED and DECREED as follows:

    1.    This Final Judgment and Order incorporates by reference the definitions in the Settlement Agreement fully executed on April 12, 2024 (the

"Settlement Agreement" or "Agreement"), and all terms used in this Order shall have the same meanings as set forth in the Agreement.

2. This Court has jurisdiction, for the purposes of this Settlement, over this litigation, Plaintiffs, all Settlement Class Members, Defendants, and any party to any agreement that is part of or related to the Settlement.

3. The Court reaffirms and makes final its provisional findings, rendered in the Preliminary Approval Order, that, for purposes of the Settlement, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b) are satisfied. The Court hereby makes final its appointments of Class Counsel and the Representative Plaintiffs and certifies the following Settlement Class:

> All natural persons who are residents of the continental United States, Alaska, or Hawaii, currently or previously owning or leasing a Settlement Class Vehicle originally purchased or leased in the continental United States, Alaska, or Hawaii.

Excluded from the Settlement Class are: (a) claims for personal injury, wrongful death, or actual physical property damage other than that to the windshield of the Settlement Class Vehicle, alleged to be caused by a Qualifying Crack; (b) all Judges who presided over the Action and their spouses; (c) all current employees, officers, directors of Defendants and their immediate family members; (d) any affiliate, parent, or subsidiary of Defendants and any entity in which Defendants have a controlling interest; (e) used car dealers; (f) anyone who purchased a

2

Settlement Class Vehicle solely for resale; (g) anyone who purchased a Settlement Class Vehicle with a salvaged title and/or any insurance company that acquired a Settlement Class Vehicle as a result of a total loss; (h) issuers of extended vehicle warranties and service contracts; (i) any Settlement Class Member who, prior to the date of the Settlement Agreement, settled with and released Defendants or any Released Parties from any Released Claims; and (j) any Settlement Class Member filing a timely and proper Request for Exclusion from the Settlement Class.

4. For purposes of this Order and the Settlement, Settlement Class Vehicles mean model year 2019 through 2022 Subaru Ascent vehicles, model year 2019 through 2022 Subaru Forester vehicles, model year 2020 through 2022 Subaru Legacy vehicles, and model year 2020 through 2022 Subaru Outback vehicles.

5. The Court appoints Peter A. Muhic of Muhic Law LLC, Russell D. Paul of Berger Montague PC, and Edwin J. Kilpela, Jr. of Wade Kilpela Slade LLP as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are satisfied by this appointment.

6. The Court hereby appoints Plaintiffs Jeffrey Barr, Brittany Funk, Arnold Milstein, and Allan Zaback to serve as Representative Plaintiffs for settlement purposes only on behalf of the Settlement Class.

7. Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval of the Settlement and finds that it is, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class.

Specifically, the Court has analyzed each of the factors set forth in Fed. R. Civ. P. 23(e)(2), *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975) and *In re Prudential Ins. Co. Am. Sales Practice Litig.*, 148 F.3d 283, 323 (3d Cir. 1998) and finds the factors support final approval of the settlement, including: an assessment of the likelihood that the Representative Plaintiffs would prevail at trial; the range of possible recovery; the consideration provided to Settlement Class Members as compared to the range of possible recovery discounted for the inherent risks of litigation; the complexity, expense, and possible duration of litigation in the absence of a settlement; the nature and extent of any objections to the settlement; the stage of the proceedings and the amount of discovery requested; the risk of establishing liability and damages; the ability of the defendants to withstand a greater judgment; the range of reasonableness of the settlement; the underlying substantive issues in the case; the existence and probable outcome of claims by other classes; the results achieved; whether the class can opt-out of the settlement; whether the attorneys' fees and expenses are reasonable; and whether the procedure for processing claims is fair and reasonable.

8. The Court finds that notice of this Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Settlement, to all Persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.

9. The Court directs the Parties and the Settlement Administrator to implement the Settlement according to its terms and conditions.

10. Upon the Effective Date, Releasing named Plaintiffs and all Releasing Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Releasees from all Released Claims.

11. The Persons identified in **Exhibit 1** hereto requested exclusion from the Settlement Class as of the Exclusion Deadline. These Persons shall not share in the benefits of the Settlement, and this Final Judgment and Order does not affect their legal rights to pursue any claims they may have against Defendants. All other members of the Settlement Class are hereinafter barred and permanently enjoined from prosecuting any Released Claims against Defendants in any court, administrative agency, arbitral forum, or other tribunal.

12. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, is or may be deemed to be or may be used as an addition of, or evidence of, (a) the validity of any Released Claim, (b) any wrongdoing or liability of Defendants, or (c) any fault or omission of Defendants in any proceeding in any court, administrative agency, arbitral forum, or other tribunal.

13. Without affecting the finality of this Judgment, this Court reserves exclusive jurisdiction over all matters related to administration, consummation,

enforcement, and interpretation of the Settlement, and this Final Judgment and Order, including (a) further proceedings, if necessary, on the application for attorneys' fees, reimbursement of litigation expenses, and service awards for named Plaintiffs; and (b) the Parties for the purpose of construing, enforcing, and administering the Settlement. If any Party fail(s) to fulfill its or their obligations under the Settlement, the Court retains authority to vacate the provisions of this Judgment releasing, relinquishing, discharging, barring and enjoining the prosecution of, the Released Claims against the Releasees, and to reinstate the Released Claims against the Releasees.

14. If the Settlement does not become effective, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

15. The Court has considered each of the objections, and finds that they are unpersuasive and therefore overrules all of them.

16. The Court hereby enters a judgment of dismissal, pursuant to Federal Rule of Civil Procedure 54(b), of the claims by the Settlement Class Members, with prejudice and without costs, except as specified in this order, and except as provided in the Court's order related to Plaintiffs' Unopposed Motion for Attorneys' Fees,

Expenses, and Service Awards. The Clerk of the Court is directed to close this docket.

IT IS SO ORDERED on this \_\_\_\_21st_____ day of \_\_\_April_____, 2025.

                                                */s/ Christine P. O'Hearn*
                                                Christine P. O'Hearn, U.S.D.J.